```
              UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

KATHLEEN BRIORDY,              )
                               )
     Plaintiff,                )
                               )
       v.                      )    NO. 3:07-0295
                               )    Judge Echols/Bryant
CHLOE FOODS CORPORATION, et al.,)
                               )
     Defendants.               )

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

By order entered December 23, 2008, the motion of Kevin H. Sharp and D. Wes Sullenger to adjudicate attorney's lien (Docket Entry No. 91) was referred to the undersigned Magistrate Judge for a report and recommendation (Docket Entry No. 92).

The undersigned Magistrate Judge conducted an evidentiary hearing on January 22, 2009. Mr. Sharp and Mr. Sullenger appeared at that hearing. The attorney's lien claimant, Crone & Mason PLC, did not appear. From testimony of witnesses at this evidentiary hearing, the undersigned Magistrate Judge makes the following findings of fact:

1. Mr. Sharp filed this complaint on behalf of plaintiff Briordy alleging employment discrimination and other causes of action against the defendants on March 14, 2007. Mr. Sharp agreed with plaintiff to accept this case on a contingency fee basis of one-third of any recovery plus expenses.

2. On September 10, 2007, Mr. Sullenger entered his appearance, joining Mr. Sharp as counsel for the plaintiff. Mr. Sharp associated Mr. Sullenger and they agreed that Mr. Sharp would retain twenty-five percent of any attorney's fee as an "origination fee," and that the remaining seventy-five percent of the attorney's fee would be divided between Mr. Sharp and Mr. Sullenger based upon the time that each attorney eventually devoted to the case.

3. On November 1, 2007, Mr. Sullenger accepted employment as an associate attorney of Crone & Mason PLC, a law firm based in Memphis, Tennessee.

4. On December 17, 2007, the firm of Crone & Mason PLC entered its appearance as counsel for plaintiff Briordy, in addition to Mr. Sharp and Mr. Sullenger. Plaintiff Briordy did not employ Crone & Mason PLC directly, but only through Mr. Sharp's association of Mr. Sullenger.

5. On or about May 27, 2008, Mr. Sullenger and Crone & Mason PLC severed their employment relationship. During the time of their employment relationship, Crone & Mason PLC billed for Mr. Sullenger's work and Mr. Sullenger was paid an agreed salary by Crone & Mason PLC, plus a percentage participation in any collections for his work exceeding an agreed amount. In addition, during their employment relationship, Crone & Mason PLC bore the overhead expenses of Mr. Sullenger's office in Paducah, Kentucky.

2

6. On June 10, 2008, Crone & Mason PLC, filed its notice of attorney's lien in this case (Docket Entry No. 85).

7. On October 6, 2008, the Court entered an order reciting that counsel had reported that the case had been settled.

8. The amount of the agreed settlement was $120,000, which generated a one-third contingency attorney's fee of $40,000. This attorney's fee was to be paid by defendant Chloe Foods Corporation in installments. Of the total $40,000 fee earned, only $10,000 has actually been paid, and is currently held in Mr. Sharp's IOLTA account. Following payment of this initial $10,000 installment on the attorney fee, defendant Chloe Foods Corporation filed bankruptcy. As of the date of the evidentiary hearing, Mr. Sharp and Mr. Sullenger were doubtful that any additional fees would eventually be paid, and they expressed some concern that the $10,000 that they had actually received would be claimed as a preference in the Chloe Foods bankruptcy.

9. Mr. Sharp and Mr. Sullenger testified that, based upon a consideration of time and effort devoted to the case by the two of them, a fair division of the seventy-five percent of the attorney's fee remaining, following deduction of Mr. Sharp's twenty-five percent origination fee, would be two-thirds for Mr. Sullenger and one-third for Mr. Sharp. Applying these percentages to the $10,000 attorney's fee actually paid as of the date of the evidentiary hearing, Mr. Sharp would be entitled to twenty-five

3

percent as origination fee plus one-third of the remaining seventy-five percent, or a total of fifty percent of the fee. Mr. Sullenger would be entitled to two-thirds of the remaining seventy-five percent following deduction of the origination fee, or fifty percent of the total.

      10. Mr. Sullenger testified that of the total hours he devoted to Ms. Briordy's case, approximately one-third of those hours were incurred during the period of his employment as an associate at Crone & Mason PLC. He further testified that the bulk of the time was incurred between the termination of his employment with Crone & Mason PLC in late May 2008 and the settlement, which occurred shortly before October 6, 2008.

      From the foregoing facts, the undersigned Magistrate Judge finds that the attorney lien claimant, Crone & Mason PLC, is entitled to one-third of Mr. Sullenger's one-half, or a total of one-sixth of the total attorney fee paid in this case. If, because of the intervention of the Chloe Foods Corporation bankruptcy, $10,000 is all of the attorney fee that is paid to Mr. Sharp and Mr. Sullenger, the undersigned Magistrate Judge **RECOMMENDS** that Crone & Mason PLC receive $1,666.67. If additional funds are received as attorney's fees, the lien claimant should also receive one-sixth of those funds.[1]

---

[1] In its notice of attorney's lien (Docket Entry No. 85) Crone & Mason PLC claims expenses of $177.68. However, no proof of this expense claim was offered. The undersigned

4

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the lien claimant, Crone & Mason PLC, be awarded one-sixth of any attorney's fee paid in this case.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 23rd day of February 2010.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

---

Magistrate Judge recommends that any claim for expenses be denied.